Benjamin Brenner, J.
Motion to strike cause from the calendar for insufficiency of statement of readiness.
The readiness rule, as recently amended in the Second Judicial Department, requires strict compliance. As I read the rule, the burden to show such compliance will henceforth fall upon the party submitting the statement, and, if it appears to be incomplete, such party must affirmatively move its acceptance at Special Term, Part VIII, or when it is attacked, as in the instant situation, must establish its sufficiency.
The principal purpose of the readiness statement is to speed trial of such causes only as are fully prepared, thus achieving a further break-through in the never ending struggle to lessen delay in tort litigation actually ready for trial. It is currently suggested, and wrongly so, that the rule produces the opposite effect. Of course, as to the total commenced and pending personal injury suits, adequately prepared or not, and deserving of trial in the forum chosen or not, the readiness rule does not speed trials appreciably. Some measure of delay is also unavoidable as to those deserving suits which could be fully prepared even after the filing of a note of issue and while the action awaits trial. However, we should not be overly concerned about such delays because they are neither significant nor prejudicial. Where a party is unprepared or postpones disclosure of facts because of the weakness of the cause or because it was improperly instituted in a higher forum, there is no problem. Those who complain of the loss of some time while diligently preparing suits may be comforted in the thought that in the over-all picture they will reach trial in regular order more rapidly by the very postponement of trial of unprepared issues. It is undeniable that the readiness rule as amended does lessen delay for the trial of causes which are fully prepared and which do belong in the forum chosen — a fact which has been recog *682 nized by the American Bar Association (see editorial N. Y. L. J., Sept. 4, 1958, p. 4, col. 2). In my considered view the procedure now set out in the readiness rule was wisely designed and is eminently just. It strikes me further that if delays in tort litigation are to be lessened the organized Bar ought to restrain some of its members from carping criticism of rules such as this and offer constructive suggestions of its own to help move the calendars.
In the instant situation plaintiff has not established that the defendant unreasonably delayed the examination or deliberately awaited the filing of the readiness statement before moving to examine plaintiff. The defendant’s out-of-city residence, his erroneously naming of Nassau County as the place for the examination and Ms wait of two months in seeMng it do not, in these circumstances, indicate lack of diligence. It is quite true that the practice should be discouraged wherein a defendant deliberately awaits the filing of the statement of readiness before seeMng plaintiff’s examination. "Where a defendant is intentionally tardy in completing Ms own preparation for trial, plaintiff’s rights should certainly not be prejudiced and a readiness statement filed or about to be filed must in such case be held to be wholly acceptable. But such a situation is not here involved. The motion is deMed and both parties are directed to submit to examinations before trial on September 22,1958 at 2:00 p.m. at Special Term in Kings County, otherwise granted.
Settle order on notice.